## RANLETT v. MOORE.

An agreement to receive payment of a debt in goods from the store of a third person, is no defence, without satisfaction.

If the promise of a third person to pay in goods is accepted in satisfaction, that is a good defence.

An agreement to pay for services in goods, must be declared upon specially.

ASSUMPSIT. The case was referred to an auditor, by whose report the facts were stated as follows : The writ contained one count only, which was upon an account annexed, the items of charge amounting to $19.48, and the items of credit to 93 cents. The charges were for services and work as a blacksmith, from August 6th, 1846, to December 12th, 1847. About the first of October, 1846, when the plaintiff's account amounted to $6.32, the defendant proposed to the plaintiff to do his blacksmith work and take his pay in goods from the stores of the neighboring traders, for whom the defendant was then hauling goods ; and the plaintiff agreed to the proposal, and to take his pay at the store of one Eames, who was then indebted to defendant more than twenty dollars. In February or March, 1847, the parties estimated the plaintiff's account to be about fifteen dollars, but made no settlement and struck no balance ; they went to Eames, and the defendant agreed with Eames to pay the plaintiff, the balance due him in goods, then stated to be about twenty dollars. Eames agreed so to pay, and the plaintiff agreed to receive goods in payment. No memorandum was made of this agreement, nor any entry of charge or credit on the book of either party. The plaintiff then commenced taking small parcels of goods from Eames's store, but Eames charged the goods to him. The defendant also took goods from the same store, which were charged to him till the balance due him was reduced to nine dollars. When the plaintiff found that the goods he had taken were charged to himself, he called on Eames to pay his account against defendant according to the previous arrangement ; but Eames refused, and the plaintiff notified the defendant of that refusal, and subsequently brought his suit.

*Bingham,* for the defendant.

The agreement of the parties by which the plaintiff was to receive his pay in goods, applied as well to the account which had previously accrued as to what might thereafterward accrue. The agreement of the defendant to continue to employ the plaintiff, was a sufficient consideration for an agreement to take his pay in goods for what was due and what might become due; and the agreement, being thus special and not for the payment of money, the count should have been special. *Wheat* v. *Norris,* 13 N. H. Rep. 178; *Mitchel* v. *Gile,* 12 N. H. Rep. 390; *Moore* v. *Ross,* 7 N. H. Rep. 528; *Wilson* v. *George,* 10 N. H. Rep. 445; *Champlin* v. *Butter,* 18 Johns. 169; *Witt* v. *Ogden,* 13 Johns. 56. The report of the auditor shows that the agreement of the parties and Eames was substantially, that Eames should assume the payment of the defendant's debt to the plaintiff, and that the plaintiff should accept Eames as paymaster and discharge the defendant, and this was a good accord executed, which discharged the defendant. *Heaton* v. *Angier,* 7 N. H. Rep. 397.

*W. J. Bellows,* for the plaintiff.

The agreement to take goods from Eames's store for so much of the debt as then existed, was without consideration. *Mosely* v. *Lees,* 3 Call, 439. The evidence reported shows, that the agreement in fact applied only to the account which accrued after October 1, 1846. Although Eames agreed with the defendants to pay the amount of the plaintiff's account in goods, and the plaintiff agreed to take goods in payment, yet he did not agree to take Eames as paymaster and discharge the plaintiff. He agreed to take Eames's goods in payment, but not his promise. The demand made by the plaintiff upon Eames, and his neglect to pay, gave him a right to claim payment in money; and nothing then remaining but the payment of the money, and the value of the services and of the goods charged being the measure of damages, it may well be recovered under the general count.

28 *

BELL, J. The account in suit in this case is divisible into two parts; the first, including the charges to September 24, amounting to $6.32; the second, the charges arising after that date. The first portion of $6.32, was a claim for services rendered generally on credit, without any special agreement at the time, as to the manner of payment; and for these charges the action is well brought in the usual form upon an account annexed, and is well maintained upon the evidence, unless the agreement relied upon by the defendant to take his pay in goods, at Eames's store, is a good defence. Such an agreement is available as a defence, only as an accord and satisfaction. The satisfaction is the material point of such a defence, and there is here no pretence of any satisfaction, unless upon the statement of facts made by the auditor it is to be understood that the plaintiff, at the request of the defendant, in March, 1847, accepted the promise of Eames to pay the defendant's debt in goods out of his store, and thereupon discharged the defendant from further liability upon that debt. Such might have been the intention; but we are led to doubt whether this was the fact, from the circumstances accompanying and following the transaction. No balance was struck between these parties, so that either they or Eames could know for how much Eames became responsible. No credit was given by the plaintiff on his book to the defendant for what Eames was to pay or by Eames to the plaintiff. No discharge was given to the defendant, and no distinct agreement made that he should be discharged. In short, no one of those things was done which we should expect to be done, if the agreement had been as the defendant alleges. The accounts of all parties stood as before, and they continued to deal as before. From these circumstances we infer, that here was an accord as to a particular mode of payment, and that it remained to be executed as the plaintiff should need the goods, but was never carried into effect. Upon this view of the facts stated by the auditor, the plaintiff is entitled to recover this part of the account declared on. The residue of the account stands on different grounds. This accrued after the special agreement

of the first of October, 1846, by which the plaintiff agreed to do blacksmith work for the defendant, and to take his pay in goods from the stores. Though the account to March 23d, was included in the negotiations between the parties and Eames, yet there is nothing in the report which tends to show that the contract to do the blacksmith work for pay from the store was ended at that time, or at any time before the last service charged. To the recovery of all these items upon the general count adopted in this case, there is the objection made by the defendant, that the declaration should have been special.

The cases decided in this State, cited by the defendant, settle the principle, that where there is a special agreement to pay for goods or services performed, in specific articles or in any other way than in money, the declaration must be special. This case falls clearly within that class. And we think, that on this ground the plaintiff cannot recover this portion of his claim.

*Judgment on the report, for six dollars and thirty-two cents.*